UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAHNEISHA GREEN,

                          Plaintiff,

     -vs-                    **No. 6:16-CV-06230 (MAT)**
                                    **DECISION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

---

## I.   Introduction

Proceeding *pro se*, plaintiff Jahneisha Greene ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court is the Commissioner's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II.   Procedural History

Plaintiff is a former recipient of childhood SSI benefits. As required by the Act, when Plaintiff turned 18 her eligibility was reassessed under the rules for determining disability in adults. Administrative Transcript ("T.") 50-57. On September 28, 2012, the Commissioner determined that Plaintiff was no longer disabled as of

May 31, 2012.  T. 64-76, 78-80.  The Commissioner's determination was upheld on reconsideration by a State Agency Disability Hearing Officer.  T. 58-63.  Plaintiff thereafter filed a request for a hearing before an administrative law judge ("ALJ"), which was held January 24, 2014 before ALJ Brian Kane.  T. 21-26  ALJ Kane adjourned the hearing to afford Plaintiff the opportunity to obtain legal counsel.  At a second hearing on March 2, 2014, Plaintiff again appeared *pro se*.  T. 28-48.  On April 16, 2014, the ALJ issued a decision finding that Plaintiff was not disabled.  T. 6-15.  The Appeals Council denied Plaintiff's request for review on March 8, 2016, rendering the ALJ's decision the final determination of the Commissioner.  T. 1-5.  This action followed.

**III. The ALJ's Decision**

Initially, the ALJ determined that Plaintiff had attained the age of 18 on November 18, 2011 and that she had been eligible for SSI benefits as a child for the month preceding the month in which she attained age 18.  T. 11.  The ALJ further found that Plaintiff had been notified that she was found no longer disabled as of May 31, 2012 based on a redetermination of disability under the rules for adults who file new applications.  *Id*.

The ALJ then applied the five-step sequential evaluation for determining disability set forth in the Commissioner's regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.  The ALJ noted that step one is not used for redetermining disability at age 18.  T. 10.  At step

two, the ALJ found that since May 31, 2012, Plaintiff suffered from the severe impairment of adrenal insufficiency, status post-gland removal. *Id*. At step three, the ALJ found that since May 31, 2012, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id*.

Before proceeding to step four, the ALJ determined that since May 31, 2012 Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: must avoid excessive sunlight and must be allowed to sit down occasionally during the day due to fatigue. *Id*.

At step four, the ALJ found that since May 31, 2012, Plaintiff was capable of performing past relevant work as an information clerk. T. 14. Accordingly, the ALJ found that Plaintiff's disability had ended on May 31, 2012 and that Plaintiff had not become disabled again since that date. *Id.*

**IV. Discussion**

**A. Standard of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the district court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). This deferential standard is not applied to the Commissioner's application of the law, and the district court must independently determine whether the Commissioner's decision applied the correct legal standards in determining that the claimant was not disabled. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984).

In this case, the Commissioner contends that her final decision was well-supported by substantial evidence and free from legal error. Having reviewed the record, and for the reasons discussed below, the Court agrees.

**B. The ALJ's Findings**

The Court has considered the findings made by the ALJ at each step of the five-step sequential evaluation. As the ALJ correctly noted, where the Commissioner must redetermine disability after an individual reaches age 18, step one of the sequential analysis is not used. *See* 20 C.F.R. § 416.987(b). As such, there is no basis for remand at step one.

At step two, the ALJ was required to determine whether Plaintiff suffered from a severe impairment or combination of impairments. For an impairment to be considered severe, it must more than minimally limit the claimant's functional abilities, and it must be more than a slight abnormality. 20 C.F.R. § 416.9249(c). In this case, the ALJ's conclusion that Plaintiff's adrenal insufficiency was a severe impairment was well-supported by the record.

Turning to the ALJ's step three analysis, the Court notes that the ALJ considered whether Plaintiff's impairments met or equaled a number of listings, including listings 1.00, 3.00, and 12.00. T. 11. The ALJ's analysis of these listings was appropriate, and the Court finds no error in the ALJ's conclusion that Plaintiff's impairments did not meet or equal their requirements.

The ALJ's RFC finding is also supported by substantial evidence. State Agency Medical Examiner Dr. Elizama Montalvo examined plaintiff on February 13, 2012. T. 387-90. Dr. Montalvo's physical examination of Plaintiff was normal in virtually all regards, and Dr. Montalvo concluded that Plaintiff had "no objective limitations." T. 389. Psychiatric consultative examiner Dr. Margery Baittle also examined Plaintiff on February 13, 2013 and found that Plaintiff did not have "any cognitive or psychiatric problems that would significantly interfere with her ability to function on a daily basis." T. 385. Dr. Baittle

5

further stated that she had no recommendations for Plaintiff, that Plaintiff was "doing quite well," and that Plaintiff "[did] not appear to need psychological treatment at this point." T. 386.

Plaintiff's own statements and submissions also support the ALJ's RFC finding. Plaintiff indicated in one questionnaire that she had no problems lifting, walking, sitting, or engaging in postural activities. T. 163-64. Plaintiff further indicated that she could walk a mile and a half before having to stop and rest. T. 165. At the administrative hearing, Plaintiff testified that she was working full time, had no problem working 40 hours per week, and was taking college courses with the intention of becoming a dental assistant. T. 31-33, 35. Plaintiff further testified that her treating physician had told her that "everything was okay" at her last appointment and that the only restrictions he had placed on her were to avoid excessive sunlight and smoking. T 39, 41-42.

The ALJ appropriately considered two letters authored by pediatric nurse practitioner ("NP") Marilyn McMullen in March 2012 that indicated Plaintiff was unable to work as a cashier due to fatigue. *See* T. 416-417. Nurse practitioners are not considered "acceptable medical sources" under the Commissioner's regulations and their opinions are not entitled to the deference afforded to treating physicians. *See Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008). Moreover, and as the ALJ correctly noted, NP McMullen's letters were inconsistent with the medical evidence of

record and with Plaintiff's own statements. In any event, the ALJ included in his RFC finding a limitation that Plaintiff be allowed to sit occasionally during the day due to fatigue. Accordingly, the ALJ did not err in his assessment of NP McMullen's letters.

The ALJ also appropriately assessed plaintiff's credibility. "Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). In this case, the ALJ determined that plaintiff was less than fully credible, noting that her activities of daily living were inconsistent with claims of disability and that she was able to work full-time while also attending college classes. It was proper for the ALJ to consider Plaintiff's activities of daily living in assessing her credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(I). It was also appropriate for the ALJ to take into account Plaintiff's ability to work full-time. *See Woodworth v. Berryhill*, No. 6:17-CV-06216 (MAT), 2018 WL 1989973, at *7 (W.D.N.Y. Apr. 27, 2018). Moreover, and as set forth above, the ALJ's RFC finding was largely consistent with Plaintiff's own statements regarding her abilities. The Court finds no error, legal or otherwise, in the ALJ's consideration of Plaintiff's credibility.

At step four, the ALJ properly concluded that Plaintiff was capable of performing her past relevant work as an information clerk. Plaintiff testified that she answered phone calls at a call-center related to income-tax preparation, that she had no difficulty showing up for or performing this job, and that she was performing it 40 hours per week at the time of the administrative hearing and had been doing so for at least two months. T. 31-35. The ALJ's conclusion that Plaintiff was capable of performing this work was thus undisputably supported by substantial evidence in the form of Plaintiff's own statements.

Having determined at step four that Plaintiff was able to perform past relevant work, the ALJ was not required to proceed to step five. The Court therefore does not find a step five error.

In sum, and having reviewed the record in full, the Court finds that the ALJ's decision applied the appropriate legal standard and is based on substantial evidence. As such, there is no basis for this Court to remand the matter to the Commissioner.

**V. Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Docket No. 11) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesc**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:  May 17, 2018
        Rochester, New York.